B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>ALEIDA HERNANDEZ<br>GUITIERREZ | DEFENDANTS<br>POPULAR AUTO, INC |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>EDUARDO J. MAYORAL GARCIA | ATTORNEYS (If Known) |

| PARTY (Check One Box Only)<br>☒Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

OBJECTION TO CLAIM; WILLFUL VIOLATION OF AUTOMATIC STAY;
DAMAGES, COSTS AND ATTORNEY'S FEES

---

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☒ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ $100,000.00 |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>ALEIDA HERNANDEZ GUITIERREZ | BANKRUPTCY CASE NO.<br>12-10123 (ESL) | |
| DISTRICT IN WHICH CASE IS PENDING<br>PUERTO RICO | DIVISION OFFICE<br>SAN JUAN | NAME OF JUDGE<br>ESL |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>MAY 7, 2013 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>EDUARDO J. MAYORAL GARCIA | |

RECEIVED AND FILED

2013 MAY -7 PM 2: 05

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF
PUERTO RICO

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE | CASE NO. 12-10123 (ESL) |
| ALEIDA HERNÁNDEZ GUTIERREZ<br>Debtor | CHAPTER 13 |
| ALEIDA HERNÁNDEZ GUTIERREZ<br>Plaintiffs | ADV. PROC. 13- |
| v. | OBJECTION TO CLAIM; |
| BANCO POPULAR DE PUERTO RICO<br>Defendant | VIOLATION OF AUTOMATIC STAY;<br>INJUNCTIVE RELIEF;<br>DAMAGES |
| ALEJANDRO OLIVERAS RIVERA<br>Chapter 13 Trustee | |

### COMPLAINT OBJECTING TO CLAIM, WILLFUL VIOLATION OF THE AUTOMATIC STAY AND TO RECOVER DAMAGES, COSTS AND ATTORNEY'S FEES

**TO THE HONORABLE COURT:**

Comes now the plaintiff through the undersigned attorney, who respectfully states, alleges and prays as follows:

### JURISDICTION AND VENUE

1.     This is a core proceeding under 11 U.S.C. §362 and Federal Rule of Bankruptcy Procedure 7001.

2.     Jurisdiction is invoked under 28 U.S.C. §157 (a) (b) (1) and §1334, since it arises in a case under the Bankruptcy Code and concerns property of the debtor.

3.     Venue is proper in this District Court under 28 U.S.C. §1408 and 1409 since all events or omissions giving rise to the claims of the above caption case occurred within the territory of this jurisdictional district.

### THE PARTIES

4.     Plaintiff Aleida Hernández Gutierrez is and individual of legal age, teacher, single, and resident of Carolina, PR.  Plaintiff filed a voluntary petition pursuant to the provisions of Chapter 13 of the Bankruptcy Code (Case no. 12-10123 ESL) and, therefore, has standing to appear as plaintiff.

5.     Defendant Popular Auto, Inc. (hereinafter referred to as "PA" or "Defendant") is a financial institution with its principal office located in Puerto Rico.  PA's postal address is PO Box 366818 San Juan, PR 00936.  The president and resident agent of PA is Carlos Rodríguez Umpierre.

6.     Alejandro Oliveras Rivera, standing Chapter 13 Trustee, is joined as an indispensable party.

### THE FACTS

7.     On December 21, 2012, plaintiff filed a voluntary bankruptcy petition under Chapter 13 of the Bankruptcy Code, which was assigned case no. 12-10123 ESL.

8.     On Schedule D of her Bankruptcy Schedules, plaintiff listed defendant PA as a secured creditor.

9.     Plaintiff identified her liability with PA as an "Auto Loan" with a balance of $2,596.00.

10.   On Schedule B of her Bankruptcy Schedules, plaintiff listed the ownership of a 2006 Nissan Frontier with an approximate value of $8,000.00.

11.   Plaintiff acquired the motor vehicle on November 21, 2006, pursuant to an agreement entered with defendant titled "Open Lease".

12.   Pursuant to the terms of the purported "lease", the plaintiff was required to pay defendant 72 monthly installments of $364.44.

2

13.    Pursuant to the terms of the terms of the contract, the residual value assigned to the property is $0.00.

14.    The agreement further provides that, upon the end of the contract, the plaintiff would have the option become the owner of the motor vehicle with the payment of $0.00, plus a purchase option charge of $150.00.

15.    Debtor's Chapter 13 plan proposes to pay in full the balance owed to defendant.

16.    After the filing of the instant case, Debtor's attorney contacted attorney Edgar Vega from Popular Auto.   The undersigned informed Mr. Vega that the plaintiff tried to renew the registration of the vehicle but PA refused to renew the registration alleging that the "lease" had expired.

17.    Debtor's attorney informed Mr. Vega that the contract at issue was not true lease, but rather a transaction creating a security interest, since it provided that the debtor would become the owner of the property at the end of the contract without any additional consideration.

18.    Debtor's attorney further informed Mr. Vega that the debtor was proposing to pay in full the secured claim, and therefore, PA's refusal to renew the registration violated the automatic stay.

19.    Notwithstanding, PA refused to renew the registration.

20.    As of this date, the debtor is still unable to use her motor vehicle due to PA's refusal to renew the registration.

21.    As result of defendants' willful violation of the automatic stay, the plaintiff has suffered economic damages as a result of not having her motor vehicle available for her daily activities, including, going to work.

3

22.   In addition, as result of defendant's willful violation of the automatic stay, the plaintiff has suffered damages, emotional distress, mental suffering, and anguish.

23.   On January 29, 2013, defendant filed POC 3 for the amount of $4,281.72.   Said claim is classified as general unsecured.

24.   Attached to the POC, the defendant included a copy of the first two pages of the "lease" agreement.

25.   The document shows that the residual value assigned to the unit is $0.00

## COUNT I:
## OBJECTION TO CLAIM 3

26.   Plaintiff re-alleges and adopts by reference paragraphs 1-25 of this complaint as if fully set herein against defendant.

27.   Article 37 of §451 of the Commercial Transactions Act, 19 §451 (37) provides the elements to distinguish a lease agreement from a transaction creating a security interest.

28.   Section 451(37) specifically provides that transaction creates a security interest, as oppose to a lease, if, among other things, the "lessee has the option to become the owner of the goods for no additional consideration or nominal additional consideration upon compliance with the lease".

29.   The Commercial Transactions Act provides a conclusive presumption that a transaction is not a lease, but rather a transaction creating a security interest, when the "lessee" has the option to become the owner of the property and the end of the contract term for no additional consideration.

30.   In the instant case, although the agreement at issue is labeled as a "Lease Agreement", the plaintiff has the option to become the owner of the property for no additional consideration.

4

31.   In addition, pursuant to the terms of the agreement, the defendant retained no residual interest in the vehicle at the end of the contract.

32.   Therefore, there is no other conclusion but to hold that the agreement is not a lease but a transaction creating a security interest.

33.   As such, the plaintiff is the true owner of the motor vehicle and may pay in full the lien on the property through the plan.

34.   In turn, defendant is a secured creditor in the instant case since it has security interest over the motor vehicle, not the ownership.

35.   Therefore, claim no. 3 should be disallowed as an unsecured claim, and allowed as a secured claim.

## COUNT II.
## WILLFUL VIOLATION OF AUTOMATIC STAY

36.   Plaintiff re-alleges and adopts by reference paragraphs 1-35 of this complaint as if fully set herein against defendant.

37.   Upon Debtors' bankruptcy filing, an order for relief was entered by this Honorable Court staying all debt collection actions against the debtor.

38.   Defendant PA knew or should have known that the transaction at issue in the instant case is not a lease, but rather, a transaction creating a security interest.

39.   Defendant knew that, pursuant to the terms of the agreement, plaintiff was entitled to become the owner of the vehicle for no additional consideration.

40.   Defendant knew that, pursuant to the terms of the agreement, it would retain no residual interest in the vehicle at the end of the contract.

41.   In addition, Defendant was put on notice by debtor's attorney of the bankruptcy filing and of the terms of the agreement at issue.

5

42.   Notwithstanding all of the former, defendant continues to refuse to renew the registration of the vehicle.

43.   Defendant's refusal to renew the registration is a violation of the automatic stay.

44.   Defendant's refusal to renew the registration of the vehicle is an action against the debtor and property of the estate in violation of the automatic stay.

45.   Considering the legal knowledge attributable to defendant as a financial institution, the plain terms of the agreement at issue, and the notice given to defendant by debtor's attorney, the violation of the automatic stay is willful.

46.   Defendant has been aware of at all times when it has carried the actions described herein, that the debtor filed a bankruptcy petition.

47.   Therefore, defendant's actions were, and still are, willful violations of the automatic stay.

48.   As result of defendant's willful violation of the automatic stay, the plaintiff has suffered damages, emotional distress, mental suffering, and anguish.

49.   As of this date, the debtor is still unable to use her motor vehicle, due to PA's refusal to renew the registration.

50.   Defendant had knowledge of the wrongs committed against the plaintiff, had the power to prevent them or the power to aid in preventing the commission of the same, but neglected and refused to do so.

51.   Considering the former, it is requested from this Honorable Court to enter judgment finding that defendant's actions were, and are, willful violations of the automatic stay, and that the defendant is liable to the plaintiff for damages, punitive damages, costs and attorney's fees incurred by the plaintiffs in prosecuting the instant adversary proceeding.

6

## COUNT V:
## DAMAGES

52.    Plaintiff re-alleges and adopts by reference paragraphs 1-51 of this complaint as if fully set herein against defendant.

53.    Plaintiff filed a Chapter 13 bankruptcy petition seeking an orderly reorganization of her personal finances without the constant harassment from creditors.

54.    Defendant's actions in violation of the automatic stay is preventing debtor from achieving a proper financial reorganization.

55.    Debtor is currently unable to use her motor vehicle due to defendant's refusal to renew the registration.

56.    The former affects debtor's daily activities both personal and work related.

57.    The former continues to occur notwithstanding the fact that debtor's attorney contacted PA to explain the situation and tried to seek a solution to the controversy.

58.    The former constitutes egregious conduct in violation of the automatic stay that further prevents debtor to achieve a proper reorganization.

59.    As result of defendant's willful violation of the automatic stay, the plaintiff has suffered damages, emotional distress, mental suffering, and anguish.

60.    As such, defendant must compensated to plaintiff the damages caused.

61.    Defendant's egregious conduct warrants the imposition of punitive damages, due to defendant's failure to correct their actions, notwithstanding plaintiff's repeated efforts to seek an amicable solution to the controversy.

62.    Plaintiff is also entitled to be awarded the costs and attorney's fees that have been, and will continue to be, incurred in order to stop and rectify defendant's constant violation of the automatic stay.

7

**WHEREFORE** it is respectfully requested from this Honorable Court to enter judgment in favor of the plaintiffs in the following manner:

a) Finding that defendant's actions were, and are, willful violations of the automatic stay, and that defendants are liable to the plaintiffs for damages, punitive damages, cost and attorneys' fees incurred by the plaintiffs in prosecuting the instant adversary proceeding.

b) Award to the plaintiffs an amount of not less than $50,000.00 for the actual damages caused by the defendant.

c) Award to the plaintiffs an amount of not less than $50,000.00 for punitive damages caused by the defendant.

d) Award to the plaintiffs the costs and attorney's fees that have been, and will continue to be, incurred in order to stop and rectify defendant's constant willful violation of the automatic stay.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 7 day of May of 2013.

**EDUARDO J. MAYORAL GARCÍA**
**USDC PR 224607**
PMB 157
PO Box 194000
San Juan PR 00919-4000
Tel. (787) 754-2002
Fax (787) 296-9892
emayoral@gmail.com