IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | LEAD CASE NO. 12-10123(ESL) |
| ALEIDA HERNANDEZ GUTIERREZ | CHAPTER 13 |
| Debtor | |
| ALEIDA HERNANDEZ GUTIERREZ | ADV. PROC. NO. 13-00089(ESL) |
| Plaintiff | |
| vs. | |
| POPULAR AUTO, INC. | |
| Defendant | |
| ALEJANDRO OLIVERAS RIVERA | |
| Chapter 13 Trustee | |

OPINION AND ORDER

This case is before the court upon the Plaintiff's *Motion for Judgment on the Pleadings* (Docket No. 41) requesting a determination that she is the actual owner of a vehicle, not a lessee, while defendant Popular Auto Inc. ("Popular Auto") is not a lessor but a secured creditor because the leasing agreement constitutes a disguised security under the Uniform Commercial Code ("UCC"), as adopted in Puerto Rico. Also before the court is the *Opposition to Plaintiff's Motion for Judgment on the Pleadings* (the "*Opposition*", Docket No. 42) filed by Popular Auto arguing that the Plaintiff waived her rights to have the *Lease Contract* construed under the UCC and that conversely, the parties agreed it would be governed by Puerto Rico's Act to Regulate Personal Property Lease Contracts, 10 L.P.R.A. §§ 2401 *et seq*. For the reasons stated herein, the Plaintiff's *Motion for Judgment on the Pleadings* is hereby denied.

Procedural Background

The Plaintiff filed a Chapter 13 bankruptcy petition on December 12, 2012 (Lead Case No. 12-10123, Docket No. 1).

-1-

On January 29, 2013, Popular Auto filed *Proof of Claim No. 4-1* in the unsecured amount of $4,281.72 pursuant to the *Lease Agreement* signed by the parties on November 21, 2006.

On May 7, 2013, the Plaintiff filed the instant *Complaint* (Docket No. 1) claiming that Banco Popular violated the automatic stay by refusing to renew the registration of a 2006 Nissan Frontier (the "Vehicle"). The Plaintiff also sustains that the *Lease Agreement* is not a true lease, but a disguised security agreement governed by the Puerto Rico Commercial Transactions Act, which adopts the UCC, and therefore Popular Auto's proof of claim must be disallowed as filed. Furthermore, the Plaintiff alleges that Popular Auto violated the automatic stay when it refused to renew the registration of the Vehicle, for which she seeks $100,000.00 in damages plus attorney's fees.

On July 3, 2014, Popular Auto filed a *Motion Requesting Dismissal of Complaint* (Docket No. 8) alleging that it had not been properly served since the *Complaint* named Banco Popular as the defendant, not Popular Auto, and therefore the summons were issued to the wrong party.

On July 22, 2014, the Plaintiff filed a *First Amended Complaint Objecting to Claim, Willful Violation of Automatic Stay and to Recover Damages, Cost and Attorney's Fees* (the "*Amended Complaint*", Docket No. 9) substituting Popular Auto as the correct defendant and summons were duly issued. All other pleadings were unaltered.

On January 17, 2014, the Defendant filed an *Answer to Amended Complaint* (Docket No. 40) claiming that: (1) the *Amended Complaint* fails to state a cause of action or claim upon which relief may be granted; (2) the Plaintiff has not suffered any actual damages which would warrant the granting of compensatory or punitive damages nor attorney's fees; (3) the amounts claimed are excessive, unreasonable, inequitable and unjust; and (4) the Plaintiff failed to mitigate damages.

On February 13, 2014, Popular Auto filed *Amended Proof of Claim No. 4-2* in the unsecured amount of $4,281.72 pursuant to the Lease Agreement signed by the parties on

November 21, 2006.  The amendment was made to include the *Lease Agreement* (*Proof of Claim No. 4-2*, pp. 4-6).

On March 7, 2014, the Plaintiff filed the *Motion for Judgment on the Pleadings* (Docket No. 41) under Fed. R. Civ. P. 12(c) upon Popular Auto's admissions in its *Answer to Amended Complaint* (Docket No. 40).  The Plaintiff prays the court to determine that the *Lease Agreement* subscribed by the parties is not a true lease but a disguised security transaction under the UCC, which would make her the true owner of the Vehicle and Popular Auto a secured creditor.  She also requests that Popular Auto's *Proof of Claim No. 4-2* be disallowed.

On March 21, 2014, the Defendant filed an *Opposition to Plaintiff's Motion for Judgment on the Pleadings* (Docket No. 42) averring that the *Lease Agreement* is valid and enforceable and that pursuant to its terms, the controlling law is the Act to Regulate Personal Property Lease Contracts and the Vehicle Leases of 1994, as amended, 10 L.P.R.A. §§ 2401 *et seq.* (Docket No. 42, p. 6, ¶ 8).  It further sustains that the Plaintiff expressly acknowledged that the *Lease Agreement* is not "intended [] as a security interest for purposes of Act No. 208 of August 19, 1996, as amended, known as the 'Commercial Transactions Act'" (Docket No. 42, p. 3, ¶ 2).  Popular Auto avers that "there is a genuine and material dispute over the applicable or controlling law of the case that prevents a judgment on the pleadings in favor of the [P]laintiff" (Docket No. 42, p. 6, ¶ 8).

On April 21, 2014, the Plaintiff filed a *Reply to Defendant's Opposition to Motion for Judgment on the Pleadings* averring that Popular Auto did not dispute the set of facts listed in the *Motion for Judgment on the Pleadings* but rather argued that by signing the *Lease Agreement*, the Plaintiff "renounced her rights under the commercial transactions act and that the controlling law of the case is the Act to Regulate Personal Property Lease Contracts" (Docket No. 46, p. 1, ¶ 2).  The Plaintiff contends that Article 17 of the Puerto Rico Commercial Transactions Act of 1996 provides that "'any other law or part thereof which is inconsistent with this Law, are hereby repealed' Law 241-1996, Art. 17" (Docket No. 46, p. 2).  Hence, she argues that "[i]n the instant case, if, as [Popular Auto] points, there is a conflict between the

[Puerto Rico Commercial Transactions Act] and the Act to Regulate Personal Property Lease Contracts, then the court must conclude that the provisions of the latter statute were repealed and/or superseded by the provisions of the [Puerto Rico Commercial Transactions Act].  Any other result would be completely inconsistent with the objective of approving the [Puerto Rico Commercial Transactions Act] which was to adopt the Uniform Commercial Code in Puerto Rico."  Id.  She also claims that the *Lease Agreement* "does not state that the plaintiff has renounced her rights under the [Puerto Rico Commercial Transactions Act].  To the contrary, what the contract provides is that the transaction may be considered as a security interest and that if such event occurs the Plaintiff must grant the defendant a security interest in over the collateral."  Id. at p. 4.

On May 12, 2014, Popular Auto filed a *Response* to the Plaintiff's *Reply* reiterating its previous position that the *Lease Agreement* is clear and enforceable.

Material Uncontested Facts[1]

1.      On November 21, 2006, the Plaintiff and Popular Auto entered into a *Lease Agreement*[2] to lease the Vehicle.  See Docket No. 9, p. 2, ¶ 11, and Docket No. 40, p. 2, ¶ 11.

2.      Paragraph 3 of the *Lease Agreement* describes the lease as follows:

LEASE: You agree to lease from us [Popular Auto] and we agree to lease to you the vehicle identified in any corresponding schedule, together with any replacement parts, additions and repairs the Vehicle under the term stated in this Vehicle Lease agreement or in any corresponding schedules (the "Lease").  You authorize us to correct obvious errors in this Lease and to insert the Lease number, the serial number and other data identifying the Vehicle, following our execution of the Lease.  You agree that this Lease is a Financial lease contract in accordance with Act. No. 76 of August 13, 1994, known as "Act to Regulate Personal Property Lease Contracts" as amended, any other provisions of law notwithstanding.

Docket No. 72, p. 11, ¶ 3.

---

[1] Fed. R. Civ. P. 56(g) allows a court to enter an order stating any material fact that is uncontested and treat the fact as established in the case even if the court does not grant all the relief requested.

[2] The court notes that the copy of the *Lease Agreement* provided is in Spanish and no certified translation has been filed.  The translated portions transcribed herein were provided by Popular Auto.  Although the court will consider this document for the purposes of this *Opinion and Order*, should any party take an appeal, the certified English translation must be provided.

3. Pursuant to the terms of the *Lease Agreement*, the Plaintiff would make 72 monthly payments of $385.44 due on the first day of each consecutive month starting on December 1, 2006. Docket No. 42, p. 9.

4. During the term of the lease, the *Lease Agreement* provided the following clause regarding the title of the Vehicle:

> TITLE: You understand that the Vehicle is and remains our property and we will have sole title to the Vehicle during the entire Term. You agree this is a "Finance Lease" pursuant to the provision of Act. No. 76 and not one intended to as a security interest for purposes of Act. No. 208 of August 19, 1996, as amended, known as the "Commercial Transaction Act". If this Lease is ever determined to be other than a financing lease, you hereby grant us a security interest in the Vehicle and agree that the financing statement will create a perfected security interest in our favor. YOU HEREBY GIVE US POWER OF ATTORNEY TO SIGN AND FILE THE FINANCING STATEMENTS. YOU AGREE TO PAY OUR FILING AND OTHER ADMINISTRATIVE AND PROCESSING FEES. You will not allow any liens or encumbrances to be placed on the Vehicle and will notify us immediately in case any lien or encumbrance is placed on the Vehicle. If we supply you with labels indicating that the Vehicle is owned by us, you shall affix such labels to and keep them in a prominent place on the Vehicle.

Docket No. 72, p. 11, ¶ 13.

5. The last monthly payment was due on November 1, 2012. See Docket No. 42, p. 9 ("monthly payment subheading").

6. At the end of the lease, the Plaintiff had the option of purchasing the Vehicle for $0.00 plus a charge of $150.00. Docket No. 42, p. 11.

7. The Plaintiff filed a voluntary Chapter 13 bankruptcy petition on December 12, 2012. Lead Case No. 12-10123 Docket No. 1.

8. After the filing of the bankruptcy petition, the Plaintiff attempted to renew the Vehicle's registration but was unable to do so because Popular Auto sustained that the lease had expired. Docket Nos. 9, p. 3, ¶ 16, and 40, p. 2, ¶ 16.

9. Popular Auto was aware of the pending bankruptcy proceeding when it refused to renew the Vehicle's registration. Docket Nos. 9, p. 6, ¶ 41, and 40, p. 3, ¶ 41.

Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (K).

Legal Analysis and Discussion

*(A)      Fed. R. Civ. P. 12(c)*

Fed. R. Bankr. P. 7012 incorporates Fed. R. Civ. P. 12 into bankruptcy proceedings. Fed. R. Civ. P. 12(c) provides that "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  In considering such a motion, the court must credit all material allegations in the complaint as true and draw all reasonable inferences in the non-moving party's favor.  See Feliciano v. State of Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998).

If a motion for judgment on the pleadings presents matters outside the pleadings, the motion shall be treated as one for summary judgment and disposed of as provided in Fed. R. Civ. P. 56.  See Fed. R. Civ. P. 12(d).  "A motion for judgment on the pleadings under [Fed. R. Civ. P.] 12(c) may be granted only if all material issues can be resolved on the pleadings by the court; otherwise, a summary judgment motion or full trial is necessary".  5C Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1368 (2013).

The *Amended Complaint* (Docket No. 9) contains allegations and a request for a determination regarding a violation of the automatic stay, ownership of the vehicle and a determination of interest on the Vehicle.  The Plaintiff's *Motion for Judgment on the Pleadings* (Docket No. 41) only seeks a determination of ownership and interest in the Vehicle along with a determination of the validity of Popular Auto's *Proof of Claim*.  The parties' motions hinge upon the *Lease Agreement*, which was not incorporated into the pleadings of the *Complaint* (Docket No. 1), the *First Amended Complaint* (Docket No. 9) or the *Answer to Amended Complaint* (Docket No. 40).  Thus, because the court cannot rest solely on the pleadings to consider the merits of the Plaintiff's *Motion for Judgment on the Pleadings* (Docket No. 41), it will be considered as a motion for partial summary judgment under Fed. R. Civ. P. 56.

*(B)      Standard for Summary Judgment*

Fed. R. Civ. P. 56, applicable in bankruptcy proceedings through Fed. R. Bankr. P. 7056, provides that summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Also see In re Colarusso, 382 F.3d 51, 58 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986). "The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." 10A Wright, Miller & Krane, Federal Practice and Procedure: Civil 3d § 2712. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). Also see López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that

the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial.  Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-1561 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial.  López, 938 F.2d at 1516.  In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case.  Celotex, 477 U.S. at 325.  Also see Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11.  In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment.  Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987).  Also see Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988).  A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party.  Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made.  López, 938 F.2d at 1517.  The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden.  Adickes, 398 U.S. at 159.

Fed. R. Civ. P. 56 was extensively rewritten in 2010.  See 10B Wright, Miller & Krane Federal Practice & Procedure: Civil 3d § 2737.  Amended subsection (a) of Fed. R. Civ. P. 56 now includes express authority for judgment on less than the entire case denominating it in its subsection title as "Partial Summary Judgment", which allows summary judgment "upon all or any part" of a claim or defense by any party.  See Surita Acosta v. Reparto Saman Inc. (In re Acosta), 464 B.R. 86, 94 (Bankr. D.P.R. 2011).

Fed. R. Civ. P. 56(g) provides that if summary judgment is not granted, the court can determine if there are material facts which are genuinely not in dispute, and establish those facts as undisputed for trial. See Vélez Arcay v. Banco Santander (In re Vélez Arcay), 499 B.R. 225, 229 (Bankr. D.P.R. 2013).

*(C)*     *The Position of the Parties*

The Plaintiff argues that pursuant to Section 1-201 of the Puerto Rico Commercial Transactions Act, 19 L.P.R.A. § 451(37), which adopts UCC § 1-201(37),she complies with a "bright line" test for when a transaction in the form of a "lease" creates a security interest as a matter of law based upon the terms of the transaction. She claims to meet the following requirements: "(a) the original term of the lease is equal to or greater than the remaining economic life of the goods;(b) the lessee is bound to renew the lease for the remaining economic life of the goods or is bound to become the owner of the goods;(c) the lessee has an option to renew the lease for the remaining economic life of the goods for no additional consideration or nominal additional consideration upon compliance with the lease agreement, or (d) the lessee has an option to become the owner of the goods for no additional consideration or nominal additional consideration upon compliance with the lease agreement." Id. Hence, the Plaintiff claims to be the sole proprietor of the Vehicle and that Popular Auto is only a secured creditor not a lessor.

Popular Auto, on the other hand, argues that the Plaintiff waived any claim she may have had under the Puerto Rico Commercial Transactions Act pursuant to the terms of the *Lease Agreement*. The Defendant argues that the Plaintiff "consciously renounced her right under the Commercial Transaction Act of Puerto Rico" (Docket No. 42, p. 6, ¶ 6).

In her *Reply*, the Plaintiff contends that "Article 17 of PR Law 241-1996 specifically provides a list of laws that were repealed with the approval of the [Puerto Rico Commercial Transactions Act], and a general statement expressing that 'any other law or part thereof which is inconsistent with this Law, are hereby repealed'" (Docket No. 46, p. 2). Therefore, she concludes that there is a direct conflict between the Puerto Rico Commercial Act and the Act to

Regulate Personal Property Lease Contracts and therefore the provisions of the latter statute were repealed and/or supersede by the provisions of the Puerto Rico Commercial Transactions Act.

*(D)     Lease vs. Security Agreement*

Property rights in bankruptcy are created, defined and determined by state law. See Travelers Casualty & Surety Co. of America v. Pacific Gas & Elec. Co., 549 U.S. 443, 451 (2007), quoting Butner v. United States, 440 U.S. 48, 55 (1979). Therefore, the legal analysis surrounding the ownership or lease of the Vehicle will be considered under Puerto Rico law.

"Rights granted by the laws may be renounced, provided such renunciation be not contrary to law, to public interest or public order, or prejudicial to the interest of a third person." Article 4 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 4. The Supreme Court of Puerto Rico ("P.R. Supreme Court") has ruled that "[t]he constituent elements of such a waiver are an existing right, knowledge of such right, and the intention to relinquish it." Fenning v. Superior Court, 96 D.P.R. 615, 612, 96 P.R.R 602, 608 (1968), citing Mendoza Aldorondo v. Asociación Empleados, 94 D.P.R. 564, 577(1967). A waiver may be explicit or implicit. They are not generally presumed and are strictly construed. Quiñones Quiñones v. Quiñones Irizarry, 91 D.P.R. 225, 266, 91 P.R.R. 217, 257 (1964).

In the *Lease Agreement,* the Plaintiff acknowledges to Popular Auto as follows:

Title: [Plaintiff] understand[s] that the Vehicle is and remains [Popular Auto's] property and [Popular Auto] will have sole title to the Vehicle during the entire Term. [Plaintiff] agree[s] this is a "Finance Lease" pursuant to the provision of Act. No. 76 and not one intended to as a security interest for purposes of Act No. 208 of August 19, 1996, as amended, known as the "Commercial Transactions Act." (Docket No. 42, p. 3, ¶ 2, and p. 11, ¶ 13)

In other words, the parties expressly stipulated in the *Lease Agreement* that it is a financial lease contract in accordance with Puerto Rico's "Act to Regulate Personal Property Lease Contracts" of 1994, as amended, and not a security interest under the Puerto Rico Commercial Transaction Act, as the Plaintiff now proposes. Hence, upon so consenting, the Plaintiff waived any right she may have had under the Puerto Rico Commercial Transaction Act

of 1996 to the extent that they are provided for in the Act to Regulate Personal Property Lease Contracts.  The Plaintiff was aware of such right and the *Lease Agreement* demonstrates that she had the intention of relinquishing it.  See <u>Fenning v. Superior Court</u>, 96 P.R.R. at 608.  In addition, the *Lease Agreement*, like any contract in Puerto Rico, is

*(E)      Applicability of Puerto Rico's "Act to Regulate Personal Property Lease Contracts"*

In <u>Meyers Bros. v. Gelco Puerto Rico, Inc.</u>, 14 P.R. Offic. Trans. 149, 114 D.P.R. 116 (1983), prior to the enactment of the Puerto Rico Commercial Transactions Act and the Regulation of Personal Property Lease Contract Act, the P.R. Supreme Court interpreted the nature and extent of financing leases in Puerto Rico at the time.  In that case, the plaintiff had entered into a contract with the defendant Gelco Puerto Rico, Inc. ("Gelco") whereby the latter agreed to buy a new automobile from supplier Trébol Motors ("Trébol") and for the plaintiff's use and to transfer it to the plaintiff in 36 months for a determined monthly rent.  The automobile began having transmission problems that were unsuccessfully repaired by Trébol. The plaintiff sued Gelco seeking the recission of its contract plus damages and subsequently amended the complaint to include Trébol as a defendant.  Gelco moved for summary judgment alleging that its contract with the plaintiff/lessee contained a "no-warranty clause"[3] that released it from liability.  The Puerto Rico Court of First Instance and Court of Appeals dismissed the complaint and the plaintiff sought review from the P.R. Supreme Court alleging that the "no-warranty clause" is contrary to public interest.  The P.R. Supreme Court proceeded to narrate the root and development of the "leasing institution" and reasoned that the financing lease contract "cannot be fully matched, as it has been attempted sometimes, with the pure lease, the lease-sale, the *depositum*, the loan, the stipulation on behalf of a third person, or other familiar,

---

[3] The "no-warranty clause" read as follows:

NO WARRANTY: Lessee accepts delivery of each unit leased hereunder from the lessor, as is. Lessor makes no warranties of merchantability fitness for a particular purpose or other warranty whatsoever, whether expressed or implied.  Lessor shall permit Lessee to enforce in Lessee's own name any and all warranties made by the manufacturer of each unit, but Lessor assumes no responsibility for compliance therefor by the manufacturer.

<u>Meyers Bros. v. Gelco Puerto Rico, Inc.</u>, 14 P.R. Offic. Trans. at 153, 114 D.P.R. at 118.

germane legal concepts, even though at times it shares some of their characteristics.  None of these fits the bill. …  The leasing contract … is an atypical, *sui generis* contract that is the result of the changing reality of the business world."  14 P.R. Offic. Trans. at 156, 114 D.P.R. at 121, citing F. Falletti, <u>La Vente a Crédit des Biens de Consomamation</u>, 165, Paris, Librairies Techniques (Litec) (1981).  Because of the foregoing, "in some countries the finance lease is totally or partially governed by legislation".  14 P.R. Offic. Trans. at 157, 114 D.P.R. at 122. "In Puerto Rico [at the time], the finance lease [was] not governed by special legislation … and [fell] under the principle of business autonomy consecrated in Art. 1207 of our Civil Code, 31 L.P.R.A. § 3372".  14 P.R. Offic. Trans. at 158-159, 114 D.P.R. at 123.  Hence, the P.R. Supreme Court determined that the "non-warranty clause" of the financing contract was valid under the provisions of Article 1207 of the Civil Code of Puerto Rico, *supra*, and concluded that Gelco's function with regard to the property was to facilitate the financing of the transaction. Hence, the P.R. Supreme Court affirmed the dismissal of the case against Gelco.  14 P.R. Offic. Trans. at 160, 114 D.P.R. at 125.

Thereafter, on August 13, 1994, Puerto Rico enacted the "Regulation of Personal Property Lease Contract Act", 10 L.P.R.A. §§ 2401 *et seq.*, which contains considerable language from the *Opinion* in <u>Meyers Bros. v. Gelco Puerto Rico, Inc.</u>, *supra*.  Subsequently, on August 17, 1995, Puerto Rico enacted Act No. 208, also known as the "Commercial Transactions Act", 19 L.P.R.A. §§ 401 *et seq.*, to adopt portions of Sections 1, 3, 4 and 4A of the Model UCC.  <u>See</u> the Exposition of Motives of Puerto Rico's Act No. 208 of August 13, 1995.  About a year later, on September 19, 1996, Puerto Rico's Commercial Transactions Act was amended through Act No. 241 ("Act 241") to further adopt, *inter alia*, several sections of Article 9 of the UCC.  <u>See</u> the Exposition of Motives of Puerto Rico's Act No. 241 of September 19, 1995; <u>In re National Promoters & Services, Inc.</u>, 499 B.R. 192, 200-201 (Bankr. D.P.R. 2013).  Article 17 of Act 241 expressly repealed several commercial laws.  Among them, Act 241 repealed Article 22 of the "Regulation of Personal Property Lease Contract Act", 10 L.P.R.A. § 2420, which until then provided for the recording of personal property leases.

Article 17 of Act 241 also provided a general repeal of any other laws or parts thereof that were inconsistent with the provisions of Act 241.

In Puerto Rico, "according to the general rules of construction of statutes, a special law governing a specific matter prevails over a general law". Córdova & Simonpietri v. Crown American Ins. Co., 12 P.R. Off. Trans. 1003, 1007, 112 D.P.R. 797, 800 (1982). This principle stems from Article 12 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 12, which provides that "[i]n matters which are the subject of special laws, any deficiency in such laws shall be supplied by the provisions of [the Civil Code]". Such specificity principle has been "consistently reiterated [in Puerto Rico] case law whenever there is a conflict between two statutes, one general *in naturem* and another of a special kind". Córdova & Simonpietri v. Crown American Ins. Co., 12 P.R. Off. Trans. at 1007, 112 D.P.R. at 800 (citations omitted).

In the instant case, Act 241 expressly and specifically repealed Article 22 of the Regulation of Personal Property Lease Contract Act, 10 L.P.R.A. § 2420, not the Act in its entirety. Pursuant to the specificity principle, the court cannot conclude that Act 241 repealed the totality of the Regulation of Personal Property Lease Contract Act when it specifically repealed only its Article 22.

In addition, Puerto Rico's Commercial Transactions Act of 1996 was extensively rewritten in 2012 in Act 21 of January 17, 2012 ("Act 21"), especially the sections that incorporate Chapter 9 of the UCC. Section 9-702(a) of Act 21 provides as follows:

> Savings Clause: Pre-effective-date transactions or liens. Except as otherwise provided in this part, this Act applies to a transaction or lien within its scope, even if the transaction or lien was entered into or created before this Act takes effect. 19 L.P.R.A. § 2402(a).

The court finds that Act 21 did not repeal the Regulation of Personal Property Lease Contract Act either.

Moreover, in Andreu Fuentes v. Popular Leasing, 184 D.P.R. 540, 554 (2012), the P.R. Supreme Court amply discussed and applied the Regulation of Personal Property Lease Contract Act to a vehicle leasing contract, like the one in the instant case, which also suggests

that it was not repealed.  The P.R. Supreme Court also considered Art. 2 of the Regulation of Personal Property Lease Contract Act, 10 L.P.R.A. § 2401, which "provides several safeguards for the lessees and some guarantees for the lessors.  By providing security [certainty] to both parties in the execution of lease contracts, the execution of these contracts is stimulated and economic growth is also achieved".  Also see Daimler Trust v. Ortiz Ramírez, 2013 PR App. LEXIS 4540 at *13, 2013 WL 7707929 at *5 (P.R. Court of Appeals, 2013) (also ruling that personal property leasing contracts are governed by the "Regulation of Personal Property Lease Contract Act").  Hence, pursuant to the specificity principle, the court concludes that the *Lease Agreement* is governed by Puerto Rico's Regulation of Personal Property Lease Contract Act, which is the more specific law, not the UCC, which in this case would be the general law. Therefore, contrary to the Plaintiff's position, the court finds that Article 17 of Act 241 did not repeal the totality of Puerto Rico's Regulation of Personal Property Lease Contract Act.

The court also weighs the rationale in Nieves Vélez v. Bansander Leasing Corp., 136 D.P.R. 827 (1994), where the P.R. Supreme Court ruled that because a financing leasing entity is the owner of the vehicle at Puerto Rico's department of motor vehicles (Departamento de Transportación y Obras Públicas), it is responsible for any damages that the lessee of the automobile may cause on third parties.

Conclusion

In view of the foregoing, the court finds that the Plaintiff expressly waived her right to have the *Lease Agreement* be considered under Puerto Rico's Commercial Transactions Act. The court further denies the Plaintiff's request to have the totality of Act to Regulate Personal Property Lease Contracts be deemed repealed.  Thus, in the instant case, the *Lease Agreement* is not a disguised secured transaction, but a true lease.  Consequently, the request to disallow *Proof of Claim No. 4-2* is hereby denied.  Therefore, the *Motion for Judgment on the Pleadings* (Docket No. 41), considered as a motion for partial summary judgment, is hereby denied.  The court hereby schedules a pre-trial hearing for **October 3, 2014 at 9:30 a.m.**

-14-

SO ORDERED.

In San Juan, Puerto Rico, this 8th day of August, 2014.

Enrique S. Lamoutte
United States Bankruptcy Judge